# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 26 2023

KEVIN P WEIMER, Clerk
By: _____ Deputy Clerk

| | |
|---|---|
| John-Doe, Jane-Doe<br><br>Man, Woman; Plaintiff,<br><br>v.<br><br>State of Georgia; Dekalb County; Berryl A. Anderson; Elizabeth A. Guerrant; Kimberley Brock; Elizabeth M. Cruikshank; John Weber; Francisco Murrieta;<br><br>Defendants. | No.<br><br>**1:23-CV-2362**<br><br>COUNTERCLAIM<br><br>TRIAL BY JURY DEMANDED |

## Counterclaim

John-Doe, Jane-Doe (Plaintiff) sues Defendant(s) for land, silver, and gold valued at or for lawful money damages in the amount of $22,000,000 USD for trespass by way of deprivation of rights under color of law, negligent infliction of emotional distress, defamation, conspiracy, abuse of process, and unlawful taking, and with knowledge states in support:

## Jurisdiction

1. This is a suit "to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States". [cf. 28 U.S. Code § 1343 (3)]

2. This case is to "recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights." [cf. 28 U.S. Code § 1343 (4)]

3. John-Doe, Jane-Doe; has no minimum contacts with the State of Georgia.

4. Defendants are Residents of the State of Georgia and a United States citizen pursuant to 15 U.S. Code § 4724(e)(1)(A)

5. Defendants committed wrongful acts and omissions administering a Federal Act using federal funding for public housing.

6. Public housing in the United States is a creature of federal law.

7. The Housing Acts in question are funded by the federal government, governed by federal statutes and regulations, and overseen by a federal cabinet level administrative agency.

8. This Federal District court has jurisdiction.

## Parties

8. Plaintiff is a private man and woman.

9. Defendant 1 is State of Georgia

10. Defendant 2 is Dekalb County.

11. Defendant 3 is a woman acting as judge of Dekalb County being sued in her public and private capacity.

12. Defendant 4 is a woman acting as judge of Dekalb County being sued in her public and private capacity.

13. Defendant 5 is a woman acting as clerk of Dekalb County in her public and private capacity.

14. Defendant 6 is a woman acting as attorney general of Georgia in Dekalb County being sued in her public and private capacity.

15. Defendant 7 is a man, CEO of the registered agent for First key Homes LLC being sued in his public and private capacity.

16. Defendant 8 is a man acting professional process server of Dekalb County Justice Court being sued in his public and private capacity.

## General Factual Allegations

At all times relevant there was no legal or lawful relationship between the Plaintiff and the Defendants.

23. At all times relevant Plaintiff and their family are private men and women peaceably exercising God-given liberties and constitutionally protected rights to own, use, protect and dispose of private property (hereinafter Subject Property 3339 Wembley Walk).

24. There is no record with any Federal or State or subdivision thereof that Subject Property is "in or within the state" of Georgia according to the statutory definition of the term. "State" means a state of the United States, the District of Columbia, Puerto Rico, the United States Virgin Islands, or any territory or insular possession subject to the jurisdiction of the United States.

25. At all times relevant there is no record of Plaintiff's consent to be contacted by either Defendant.

26. The record reflects Defendant Murrieta initiated contact by personally serving Plaintiff an unverified complaint on February 19, 2023.

27. The record reflects Defendant Murreita initiated contact by personally serving Plaintiff a residential eviction summons on February 19, 2023.

28. The record reflects several unlawful discrepancies as to service of process.

29. On its face the subject matter of the recorded notice alleges to be an "Eviction Notice" and complaint (hereinafter instrument).

30. Although the instrument purports to be a process to "deliver possession..." it was used to make the Plaintiff and their family homeless.

31. The instrument was not a verified complaint by an injured party signed under penalty of perjury.

32. The elements of a lawfully sufficient instrument are deficient.

33. The elements of a lawfully sufficient service of process are deficient.

34. The deficiencies make the service of process illegal.

35. The deficiencies make the instrument unenforceable against Plaintiff.

36. An unlawful hearing was held by Defendant Anderson on February 23, 2023.

37. Prior to the February 23, 2023 hearing, Plaintiff noticed Defendants of the several deficiencies via Hand delivered notice.

38. May 17, 2023 a hearing was held and a default judgment was entered against Plaintiff by Defendant Guerrant

    1. As administrators of the law that took an oath to uphold the Constitution of the United States and of the State of Georgia, Defendants know or should have known of the legal deficiencies on the face of the instrument.

39. As administrators of the law that took an oath to uphold the Constitution of the United States and of the State of Georgia, Defendants know or should have known of the legal deficiencies regarding the service of process.

40. Defendants deal with these types of instruments every day while accepting emoluments.

41. Defendants' actions are forbidden by law.

42. Defendants' actions are not within their job description.

43. Defendants' actions are an unconstitutional exercise of Congress' powers under the Commerce Clause of the United States Constitution.

44. Defendants' actions constitute an unlawful taking that caused Plaintiff damages.

45. At all times relevant Plaintiff did not consent to or receive due process.

46. Defendant Murrieta's communication is based on the uniform residential landlord and tenant act (URLTA) drafted by the national conference of commissioners on uniform state laws recommended for enactment in all the states at its annual conference meeting in its eighty-first year at San Francisco, California august 4-11, 1972.

47. The drafting process of URLTA draws on the expertise of state-appointed commissioners, legal experts, and advisors and observers representing the views of other legal organizations or interests that will be subject to the proposed laws.

48. URLTA is intended to apply to government or public agencies acting as landlords (Section 1.301 (8)).

49. Pursuant to GA Code § 8-3-201 and the URLTA "PART II SCOPE AND JURISDICTION § 1.201. This Act applies to, regulates, and determines rights, obligations, and remedies under a rental agreement, wherever made, for a dwelling unit located within this state."

50. GA Code § 8-3-201 "State", applied to any one of the United States, includes the District of Columbia and the several territories created or recognized by congress. "United States" includes the District of Columbia and the commonwealths, possessions, states in free association with the United States, and the territories.

51. Pursuant to GA Code § 16-11-4 and the URLTA:

    (6) **"organization"** includes a corporation, government, governmental subdivision or agency, business trust, estate, trust, partnership or association, two or more persons having a joint or common interest, and **any other legal or commercial entity**;

    (8) **"person"** includes an individual or <u>organization</u>;

    (14) **"tenant"** means a <u>person</u> entitled under a rental agreement to occupy a dwelling unit to the exclusion of others.

66. Based on the federal and state rules of construction, by those definitions a "tenant" includes one or more individuals acting as or for a legal or commercial entity within a federal area.

67. URLTA is an administrative codification of the **National Housing Act 1934** (Caphart Act), ch. 847, 48 Stat. 847 (1937) (codified as amended at 12 U.S.C. §§ 1701 to 1750g and 42 U.S.C. §§ 1401 to 1440)

68. URLTA, therefore, also includes the **United States Housing Act 1937** (act of Sept. 1, 1937, ch. 896, as revised generally by Pub. L. 93–383, title II, §201(a), Aug. 22, 1974, 88 Stat. 653, and amended, which is classified generally to chapter 8 (§1437 et seq. of title 42).

69. Pursuant to 42 USC § 1404 the Secretary of Housing and Urban Development may sue… with respect to its functions under the United States Housing Act of 1937.

70. The strategy defined in the Housing Acts was to administer a federal housing program that was to be managed at a local level.

71. The 1937 Act declared that the federal government promised to commit federal dollars to alleviate housing pressures in the country.

72. Further, State of Georgia is the trustee of the National Housing Trust Fund (HTF) which was enacted as part of the Housing and Economic Recovery Act of 2008 (HERA), Section 1338 of the Federal Housing Enterprises Financial Safety and Soundness Act of 1992.

73. Quoting from the 1937 Act: "It is hereby declared to be policy of the United States to promote the general welfare of the Nation by employing its funds and credit, as provided in this Act, to assist the several States and their political subdivisions… to remedy… the acute shortage of decent, safe, and sanitary dwellings for families… that are injurious to the health, safety, and morals of the citizens of the Nation." Id. sec. 1, 50 Stat. at 888.

74. Using GA Code § 44-7-50 or URLTA to make a man, woman, and their family homeless would frustrate the purposes of the Housing Act.

75. The referenced Housing Acts are administered by HUD, a local agency, a Public Housing Authority (PHA), and usually municipal level courts guided by URLTA rules.

76. Georgia HUD Region IV is administered by José Alvarez

77. Jose Alverez can only exercise and administer powers delegated by HUD.

78. Pursuant to GA Code § 38-2-110 the Governor is "the commander in chief of the militia of the state...".

79. The definition of "**resident**" includes current and former service members as in, "A member [and the spouse] of the United States armed forces temporarily stationed in Georgia on redeployment orders."

80. 42 § 3531. "The Congress hereby declares that the general welfare and security of the Nation and the health and living standards of our people require… establishment of an executive department [Housing and Urban Development] … to provide for **full and appropriate consideration**… of the needs and interests of the Nation's communities and of the people who live and work in them."

81. 42 § 11311 "There is established in the executive branch... known as the United States Interagency Council on Homelessness whose mission shall be to reduce and end homelessness in the nation while maximizing the effectiveness of the Federal Government in contributing to the **end of homelessness**."

82. Pursuant to the **Uniform Relocation Assistance and Real Property Acquisition Policies Act** (URA) and section 104(d) of the Housing and Community Development Act eviction cannot to lawful without having a plan to secure alternative shelter for those affected with at least one full year of prepaid rents.

83. The record does not reflect Plaintiff is a statutory resident service member.

84. The record does not reflect that either Defendant is a designee of the Secretary of HUD or governor to sue on its behalf.

85. The record does not reflect Berry Anderson has a delegation of authority from Jose Alverez to administer the Housing Act.

86. The record does not reflect Mary Bell has a delegation of authority from Jose Alverez to administer the Housing Act.

87. The record does not reflect Elizabeth Guerrant has a delegation of authority from Jose Alverez to administer the Housing Act

88. The record does not reflect Elizabeth Cruikshank is a government or public agency.

89. The record does not reflect the subject property is public housing.

90. The record does not reflect evidence of "drug-related criminal activity" pursuant to 42 USC § 1437d

91. The record does not reflect the subject property is for "public use" as defined under the state property code.

92. The record does not reflect the subject property nor Plaintiff is subject to the Georgia Residential Landlord Tenant Act or URLTA.

93. The record reflects Anderson, Bell, Guerrant, and Murrieta, Whitney, Brock's acts and omissions are in violation of the legislative intent and congressional declarations of title 42 USC §§§ 1437, 3531, 11311

94. Plaintiff has not sworn an oath to the constitution.

95. Plaintiff is not an employee of the "state" or "county" or other municipal corporation.

96. The subject property or premises is not within the body politic or body corporate limits of the county.

97. Plaintiff never waived process and was not properly served with the summons and complaint.

98. The justice court did not have power to rule on the controversy under the circumstances.

### One: 42 USC 1983 claim Against all defendants

97. Plaintiff is required to allege that;

    (1) the conduct complained of was committed by a person acting under the color of state law;

    (2) the conduct deprived the plaintiff of a constitutional right.

98. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

99. Defendant Murietta is a Dekalb county constable who allegedly made either a personal or posted service on Plaintiff pursuant to GA Code §44-7-50.

100. According to the record Defendant Murrieta swore to have served Plaintiff by tack and mail on February 19, 2023.

101. The instruments Defendant Murrieta allegedly posted were not supported by probable cause, a verified complaint, nor an affidavit sworn under penalty of perjury.

102. A default judgment against Plaintiff was issued May 22, 2023.

103. Defendants' actions are resulting in an unlawful taking.

104. Defendants' actions deprived Plaintiff of due process, 1st, 4th, and 5th amendment rights.

WHEREFORE, Plaintiff demands land, automobiles, silver, gold or less preferable lawful money valued at $5,000,000, judgment, conviction, and imprisonment against the Defendants.

### Two: Abuse of process Against all Defendants

114. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

115. Defendants are using the process of eviction and writ of removal actions which allows for service by conspicuous posting and mail invading the privacy of the private man and woman.

116. Such interference allows for third party privacy violations.

117. Defendants used a county ordinance/ state statute to deprive Plaintiff of constitutionally protected rights against the legislative intent of the state and federal statutes on ending homelessness.

118. As a result, Plaintiffs continue to be gripped with panic and worry of themselves and their family being made homeless.

WHEREFORE, Plaintiff demands land, automobiles, silver, gold or less preferable lawful money in the value of $5,000,000, conviction, and imprisonment against the Defendants.

### Three: 18 U.S. Code § 241- Conspiracy against rights Against all defendants

125. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

126. The public-official Defendants were put on notice as to the instrument deficiencies and the lack of personal and subject matter jurisdiction.

127. In their official public capacities, Defendants falsely instituted, executed, and maintained an eviction and removal action cheating and defrauding Plaintiff out of property.

128. The Defendants acted against Plaintiff voluntarily, willfully, knowingly, maliciously, and without entrapment or duress.

129. Defendants acted together under false pretenses with force, intimidation and interference throughout the unlawful eviction and removal of Plaintiff

130. Defendants actions were injurious to the Plaintiff depriving them from exercising a lawful act to live peacefully and be secure in her person, place, and papers.

131. Defendants actions against Plaintiff were injurious to the public's health and moral

132. Defendants actions amounted to a perversion and obstruction of justice

133. Defendants actions joint and severally were against the due administration of the laws and violated the laws of Georgia through force, violence, threats, and intimidation

134. Wherefore Defendants, and each of them, are guilty of a felony and upon conviction may be punished by a fine and imprisonment

WHEREFORE, Plaintiff demands land, automobiles, silver, gold or less preferable lawful money in the value of $5,000,000, conviction, and imprisonment against the Defendants.

### Four: 18 U.S. Code § 1341- Frauds and swindles Against all defendants

135. Plaintiff realleges and restates the foregoing jurisdictional and general factual allegations.

136. Defendants devised a scheme to make the Plaintiff family homeless.

137.   Defendants used the mail for the purpose of attempting to execute a scheme to make the Plaintiff homeless.

WHEREFORE, Plaintiff demands a formal public apology, mandatory retraining of all public officials, and lawful money in the value of $1,000,000.

### Five: Negligent Infliction of Emotional Stress Against all defendants

138.   Plaintiff realleges, restates, and incorporates by reference the allegations in the foregoing jurisdictional and factual allegations.

139.   Defendants willfully and negligently as ~~public~~ actors violated private men, woman, and their private property by initiating non-consensual communication.

140.   Though slavery is illegal, Defendants unlawful instruments sought to compel Plaintiff to act by force, threat, and coercion.

141.   Defendants are paid for their unlawful actions amounting to (1) unjust enrichment and (2) an unconscionable and egregious taking.

142.   Defendants knew or should have known as reasonable men and women, the duties we each have towards one another as members of society.

143.   Defendants owed a duty to the Plaintiff and her family as paid public servants who swore an oath to uphold the Georgia constitution and the US constitution.

144.   Defendants acted on hearsay, recommendations, and advice given by local agents.

145.   Defendants acted unreasonably in subjecting the entire county to damages, while after being put on notice, negligently not informing their peers that their actions were unlawful.

146.   Plaintiff is being unlawfully dispossessed of their entire family's home furnishings, clothing, shoes, papers, intellectual property, electronics, art, and identification, absent of any legal or lawful authority to do so.

147.   Plaintiff is suffering from behavioral health symptoms and continues to be humiliated, anxious, and emotional by the Defendants actions which are making them and their family homeless.

148.   Defendants breached their duty as (1) reasonable men and women and (2) trained public servant administrators by recklessly, callously, and unreasonably inflicting emotional distress, mental anxiety, and causing physical symptomatologies to the Plaintiff.

WHEREFORE, Plaintiff moves this Court to enter judgment in Plaintiff's favor and against the individual defendants, and award damages as follows:

A. Compensatory damages of amounting to the value of twenty-two million 00/100 United States dollars ($22,000,000.00);

B. Punitive damages as allowed by law;

C. Reasonable attorneys' fees, costs, and litigation expenses; and

D. Any other relief this Court deems just and appropriate.

UNDER THE LAWS OF GOD, I affirm that the facts alleged in the foregoing are true and correct according to my own personal knowledge. [Cf. 28 USC 1746(1)]

*[signature]*

By: John-Doe, Jane-Doe, Plaintiff

25th day of May, year of our lord twenty twenty-three

## Certificate of Service

I certify that a copy of the foregoing was provided via email or mail to the below listed persons on this 26th day of May, 2023 A.D.

Berryl A. Anderson via email: baanderson@dekalbcountyga.gov

Elizabeth A. Guerrant via email: eaguerrant@atlantalegalaid.org

Kimberley vía email: Clerk_Off@dekalbcountyga.gov

Francisco Murrieta vía email: fjmurrieta@live.com

Elizabeth M. Cruikshank vía email: beth@cruikshankersin.com

Brad Raffensperger Secretary of State via email: soscontact@sos.ga.gov

Georgia Department of Banking and Finance via email: webmaster@dfa.ms.gov

Director of Administrative Office of Courts via email: bruce.shaw@georgiacourts.gov

Georgia Attorney General Christopher Carr via mail: 40 Capitol Square SW, Atlanta, GA 30334

Head Chief Financial Officer Finance and Administrative Services via mail: P.O. Box 1456 Atlanta, GA, 30371

Brian Kemp Governor via mail: 206 Washington Street Suite 203, State Capitol, Atlanta, GA 30334

5. An action for money damages alone is insufficient to restore Plaintiff to his *status quo ante* because another home alone cannot restore Plaintiff's everyday life.

6. The threatened harm to Plaintiff outweighs any substantial harm to Defendants who will suffer no harm whatsoever in being prevented from making Plaintiff's homeless.

7. No substantial public interest will be contravened by the injunction sought.

8. A substantial likelihood exists that Plaintiff will prevail in this action, because facts obtained by discovery reveal that Defendants has carried out similar threats and caused serious injuries to others.

9. A temporary injunction is necessary to protect Plaintiff from the threatened harm.

WHEREFORE Plaintiff moves this Honorable Court to enter an Order enjoining Defendants from approaching petitioner within 50 feet, together with such other and further relief as the circumstances and demands of justice may warrant.

28 USC 1746 Without the United States; I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*John-Doe  Jane-Doe*

John-Doe, Jane-Doe, Plaintiff