IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE,<br><br>  Plaintiffs,<br><br>v.<br><br>STATE OF GEORGIA, et al.,<br><br>  Defendants. | CIVIL ACTION FILE<br><br>NO. 1:23-cv-2362-TCB |

**O R D E R**

This case comes before the Court on Plaintiffs' motion [3] for a temporary restraining order that seeks, in part, to enjoin Defendants from evicting Plaintiffs.

On February 19, 2023, Plaintiffs received an eviction summons.

On May 17, the Magistrate Court of DeKalb County held a hearing, and the court entered default judgment against Plaintiffs.

On May 26, Plaintiffs filed this lawsuit. Revealingly, the complaint lists the enumerated counts as counterclaims. Plaintiffs seek

relief under a variety of federal and state laws including 42 U.S.C. § 1983.

"An ex parte [TRO] is an extreme remedy to be used only with the utmost caution." *Levine v. Comcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995). Federal Rule of Civil Procedure 65(b)(1) provides that a TRO may be granted ex parte only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Moreover, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required." *Id.*

The requirements of Rule 65(b)(1) are further bolstered by the normal requirement that a TRO should only be granted if "the movant clearly establishes the 'burden of persuasion' as to all four elements." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (internal citation omitted). Thus, the movant must demonstrate that (1) his claims have a substantial likelihood of success on the merits; (2) he will suffer irreparable harm in the absence of an injunction; (3) the harm suffered

by him in the absence of an injunction would exceed the harm suffered by the Defendant if the injunction is issued; and (4) an injunction would not disserve the public interest. *Johnson & Johnson Vision Care, Inc. v. 1-800-Contacts, Inc.*, 299 F.3d 1242, 1246-47 (11th Cir. 2002). The likelihood of success on the merits is generally considered the most important of the four factors. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

Here, Plaintiffs filed a two-page TRO motion lacking any detail or legal analysis, and they have failed to establish a likelihood of success on the merits of their claims. Furthermore, even if Plaintiffs' complaint showed that they stood to suffer immediate and irreparable harm, the Anti-Injunction Act, 28 U.S.C. § 2283, prohibits this Court from enjoining state-court dispossessory proceedings. *See Peterson v. Merscorp Holdings, Inc.*, No. 1:12-cv-14-JEC, 2012 WL 3961211, at *9 (N.D. Ga. Sept. 10, 2012) (noting that the Anti-Injunction Act prohibits a federal court from enjoining state-court dispossessory proceedings). Finally, in Plaintiffs' application for a TRO, they have not "certifie[d] in

writing any efforts made to give notice [to Defendants] and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(B).

Most importantly, subject-matter jurisdiction in this case is lacking. Plaintiffs attempt to assert counterclaims against the Defendants. However, it is well settled that federal question jurisdiction exists only "when a federal question is presented on the fact of a plaintiff's well-pleaded complaint and that assertion of defenses or counter claims [sic] based on federal law cannot confer federal question jurisdiction over a cause of action." *Mabry Prop. Mgmt. LLC v. Smith*, No. 1:17-cv-2336-WSD, 2017 WL 3262508, at *2 (N.D. Ga. July 31, 2017).

Nor have Plaintiffs demonstrated diversity jurisdiction, which exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer Hosp. Auth. of Randolph Cnty.*, 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed."

*MacGinnitie v. Hobbs Grp., LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966)).

Here, Plaintiffs filed a motion [2] to appear as John Doe and Jane Doe Plaintiffs because their identity is their "private property and [they] would like to keep it that way." This motion will be denied, and the Plaintiffs will be ordered to show cause why diversity jurisdiction exists in this case. To the extent information needs to be shielded from public access, Plaintiffs may consult the Court's Local Rules to attempt to seal portions of this case.

For the foregoing reasons, Plaintiffs' motion [2] to appear as John Doe and Jane Doe is denied, and Plaintiffs' motion [3] for a temporary restraining order is denied. Plaintiffs are ordered to show cause why diversity jurisdiction exists within fourteen days. Failure to comply with this Order shall result in the dismissal of this case.

IT IS SO ORDERED this 26th day of May, 2023.

_____
Timothy C. Batten, Sr.
Chief United States District Judge